Eastern District of Kentucky
FILED
AUG 3 - 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 06-338-KKC

WILMA OAKES            PLAINTIFF

V.            <u>COMPLAINT</u>

MGM COLLECTION AGENCY, INC.            DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Wilma Oakes, by and through her undersigned counsel, and brings her Complaint against the Defendant, MGM Collection Agency, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Par. 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

1. Jurisdiction of this Court arises under 15 U.S.C. Par. 1692K (d) and 28 U.S.C. Par. 1331 & 1337. Venue in this District is proper because Defendant's collection demands were received here.

2. Plaintiff, on September 14, 1996, signed an agreement with L.P. Jones & Son, Funeral Home, Inc. of Williamsburg, Kentucky, ("Jones & Son") wherein she promised to pay the expenses for the burial of Jimmy Lee Oakes in the total amount of $4,244.00. Said sum to be paid as follows: ½ in fifteen days from the date of the agreement, the remainder 30 days thereafter, with interest to be added to the unpaid amount at the rate of 18% per annum.

3. On or about October of 1996, Plaintiff signed a Promissory Note due to Jones & Son in the amount of $4,244.00, wherein Plaintiff bound herself to make monthly payments of $124.67 until the discharge of an amount equal to $5,984.16, representing the original amount due plus interest at the rate of 18% per annum.

4. On January 28, 2000, Jones and Son assigned Plaintiff's debt to Defendant through an Assignment of Claim form, without consideration for the same. The form indicates an amount due of $2,674.16, and that interest is to accrue at the rate of 18% per annum.

5. On February 3, 2000, Defendant wrote a letter to Plaintiff indicating that Plaintiff owed $4,470.00, and that no legal action would be taken against her if she continued to make payments. This letter did not accurately state the amount of the debt; it was misleading, and did not advise Plaintiff of her right to ask for validation of her debt within 30 days of receipt of the same, all in direct violation of FDCPA 15 U.S.C. Par. 1692 *et seq.*

6. Plaintiff received from Defendant a "MGM C.A. Legal Account Ledger" whereupon it is indicated that she owed an amount of $2,674.16 as of October 14, 1996. This same schedule indicated Plaintiff made total payments in the amount of approximately $1,800.00 or more between October 14, 1996 and June 14, 2005.

7. On June 27, 2002, Defendant filed a complaint in the Whitley District Court against the Plaintiff (Civil Action No. 02-C-213) seeking a Judgment for an amount of $2,674.16 plus interest thereon at the rate of 18% per annum.

2

8. On January 7, 2003, the Defendant obtained a Judgment against the Plaintiff on the above case in the amount of $2,674.16, plus interest at the rate of 18% per annum.

9. Plaintiff has reimbursed Defendant an amount in excess of $2,000.00 of the above debt.

10. From the date of payment to the present time Plaintiff has received numerous annoying and sub-rosa threatening telephone calls and pieces of correspondence from Defendant.

11. Letters sent to Plaintiff to Defendant contained verbiage such as "...we will be forced to increase the amount of your payments", "...you may be paying the debt for another five years", "...get a loan to pay the debt off", "...the fact that you still owe so much is nobody's fault but your own", "...it is imperative you make payments every month...or I will pursue additional legal action", and the like, these being typical illegal tactics normally employed by collection agencies directed at emotionally disturbing debtors and force them to resort to extreme means in order to make payments, all of this in violation of the specific mandates of FDCPA, 15 U.S.C. Par. 1692 *et seq*.

12. A letter written by Defendant to Plaintiff on January 28, 2005, states: "...I spoke to our client last week...they are showing a balance of $1,049.16". This is a clear indication that the Assignment discussed in Paragraph 4 above was not a real Assignment and did not give Defendant the legal right to pursue legal action against Defendant, as no absolute transfer of title to the debt took place.

3

13. The last statement received by Plaintiff from Defendant in December of 2005 reflects an amount due of $8,392.46.

14. Many of the letters sent by Defendant to Plaintiff were signed by individuals purporting to be the Defendant's "Legal Department", while such persons were not members of the Kentucky Bar, or any other national Bar Association.

15. On February 15, 2006, the undersigned counsel wrote a letter to Defendant asking for a validation of the debt under FDCPA 15 U.S.C. 1692 Sec. 809 (b).

16. On February 20, 2006, Plaintiff answered the above letter, ridiculing counsel, insisting that they had a legal contract with their client for the debt, and insulting counsel for his closing remarks on his request which implied that legal action could be forthcoming in order to protect Plaintiff's interest.

17. The person who signed the above letter labeled himself "Legal Director MGMCA, Inc", while not being an attorney duly allowed to practice law in the state of Kentucky or, to Plaintiff's best knowledge, anywhere else in this country.

18. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 17 above.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. The Defendant violated 15 U.S.C. Par. 1692e by using false, deceptive and misleading means in connection with the collection of the alleged debt.

4

b. The Defendant violated 15 U.S.C. Par. 1692e (2) (A) by falsely representing the character and legal status of the alleged debt.

c. The Defendants violated 15 U.S.C. Par. 1692e (3) by falsely implying that a communication comes from a legal department or an attorney.

d. The Defendant violated 15 U.S.C. Par. 1692g by failing to effectively advise Plaintiff of her 30 days right to verify/and/or dispute the alleged debt pursuant to FDCPA.

e. The Defendant violated 15 U.S.C. Par. 1692e(10) by using false representations and deceptive means to attempt to collect a debt, including but not limited to threatening post-judgment remedies before an action is filed.

20. As a result of Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damage, costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in the amount of:

(a) Statutory damages against Defendant pursuant to 15 U.S.C. Par. 1692k in an amount to be determined at the time of trial;

(b) Costs and reasonable attorney fees against the Defendant pursuant to 15 U.S.C. Par. 1692k;

(c) For such other and further relief as may be just and proper.

(d) For trial by jury for all issues so triable.

Respectfully submitted,

*[signature]*

HON. JASON P. PRICE
ATKINS & PRICE
225 MAIN STREET
WILLIAMSBURG, KY 40769
(606) 539-9064
Attorney for the Plaintiff

oakes.wilma.complaint

6