UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-338

WILMA OAKES ,                                                                                    PLAINTIFF,

v.                                         **OPINION AND ORDER**

MGM COLLECTION AGENCY, INC.,                                                 DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Strike (Rec. No. 3) filed by the Defendant, MGM Collection Agency, Inc. ("MGM"). For the following reasons the Court will DENY the motion.

With her Complaint, the Plaintiff Wilma Oakes ("Oakes") alleges that the Defendant MGM violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. when it attempted to collect a debt that Oakes allegedly owed.

MGM now moves to strike (Rec. No. 3) certain portions of Oakes' Complaint pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The Court should strike allegations from a pleading only where they have "no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Motions to strike are generally disfavored because of their potential to delay proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). But where a motion to strike removes unnecessary clutter from the case, it may actually expedite proceedings rather than delay them. *Id*.

MGM moves to strike certain allegations of the Complaint as immaterial because they do not allege any actions taken by MGM. The Court denies this portion of MGM's motion. The allegations have some relation to this action because they describe the debt owed by Oakes.

MGM also moves to strike certain allegations in the Complaint that it argues allege actions by MGM that are no longer actionable pursuant to the applicable statute of limitations. The Court also denies this portion of MGM's motion. In her response, Oakes disputes that this action is time barred. "[C]ourts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). An argument that Oakes' complaint is time barred should be put forth in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, MGM moves to strike certain allegations from the Complaint that it alleges are "not within the purview of the FDCPA." The allegations at issue describe correspondence between MGM and Oakes' counsel regarding the debt at issue. Thus, the allegations have some relation to this action. Further, to the extent that MGM argues that these allegations fail to state a claim against it, these arguments should be made in a motion under Rule 12(b)(6).

For all these reasons, the Court hereby ORDERS that MGM's Motion to Strike (Rec. No. 3) is DENIED.

Dated this 1st day of March, 2007.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**